COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KENT A. DERROW
                                         MEMORANDUM OPINION[*]
v.    Record No. 1827-98-3                 PER CURIAM
                                         JANUARY 19, 1999
OWENS BROCKWAY PLASTICS, INC.
 AND INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Linda D. Slough; Chandler, Franklin &
                O'Bryan, on brief), for appellant.

                (Ralph L. Whitt, Jr.; Williams, Lynch &
                Whitt, on brief), for appellees.



        Kent A. Derrow contends that the Workers' Compensation

Commission ("commission") erred in finding that his post-April

10, 1997 periods of disability were not compensable.  Derrow

asserts that the evidence does not support the finding that his

re-injury was the result of violating his physician's specific

restrictions, rather than by an unexpected injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In

denying Derrow's application for compensation benefits for

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

periods of disability occurring after April 10, 1997, the commission found as follows:

> [Derrow] has asserted that he was assigned his pre-injury work by his supervisor, and that he was afraid to challenge that assignment for fear of being fired. . . . Convincing testimony to the contrary was, however, given by Bobby Diehl, Harry Fulk, Gary Bland, Dennis Riggleman, and Amy Morris, as was recited both by the Deputy below and in the hearing transcript. The picture which emerges from their testimony is that of an employer concerned about the welfare of its employee, concern which led to assignments consistent with the man's limitations. The supervisor who allegedly assigned [Derrow] to his pre-injury job denied having done so, and indeed, cautioned him "not to do anything" beyond his restrictions, warning in the process that if he did so, the defendant would not "be responsible."
>
> Against the backdrop of the defendant's evidence, [Derrow's] alleged fears were patently unreasonable. He was not required to exceed his restrictions, and no one connected with the defendant either did or said anything which would have led him to that mistaken assumption. He nevertheless, by his testimony, exceeded those restrictions, and predictably, aggravated his injury, an aggravation which then resulted in work incapacity during the periods . . . [of] April 10 and 24, 1997, and May 15 through July 7, 1997.

As fact finder, the commission was entitled to accept the testimony of employer's witnesses and to reject Derrow's uncorroborated testimony that he was forced by employer to exceed his physician's restrictions. As the commission noted, Derrow was not truthful with his physician on April 11, 1997 regarding his work activities. It is well settled that credibility

- 2 -

determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

In light of the testimony of employer's witnesses, we cannot conclude as a matter of law that Derrow proved that he was justified in exceeding his physician's restrictions. Thus, the commission did not err in denying Derrow an award of compensation benefits for periods of disability occurring after April 10, 1997.

For these reasons, we affirm the commission's decision.

Affirmed.